OPINION
{¶ 1} Defendant-appellant Jeffrey Stevens Munns appeals from his conviction and sentence in the Richland County Court of Common Pleas on one count of forgery, a fifth degree felony. The plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was incarcerated at the Lorain Correctional Institution. While incarcerated, appellant learned of a pending criminal complaint. According to appellant, on or about June 1, 2004, appellant, acting pro se, sent a notice pursuant to R.C.2941.401 to the Mansfield Municipal Court. A copy was also forwarded to the Richland County Prosecutor. However, that copy was sent to the wrong address.
 {¶ 3} On June 10, 2004, appellant was indicted in the Richland County Court of Common Pleas on one count of forgery, in violation of R.C. 2913.31(A)(1). The charges arose from the following allegations. On December 13, 2003, appellant went to Met's Dune Buggy and Cycle Center in Mansfield, Ohio. The owner, James Oberlin, assisted appellant in picking out three go-carts with a total purchase price of $6,250.00. Appellant paid for the go-carts with what appeared to be a U.S. Bank check. Mr. Oberlin verified the appellant's identity by checking and photocopying the appellant's Ohio Identification Card. Shortly after appellant departed with the three go-carts, Mr. Oberlin attempted to deposit the check in his business account. However, the check was returned by the bank as a counterfeit check.
 {¶ 4} Subsequent to the incident, on June 22, 2004, appellant purportedly sent a notice of untried indictments, information or complaint and a notice of place of imprisonment to the Richland County Court of Common Pleas and to the Prosecutor's Office. A pretrial report, which was not file stamped but was placed in the trial court file jacket, notes that there was a "180 day request" resulting in a last date for trial of December 21, 2004.
 {¶ 5} The case was scheduled for trial on October 21, 2004. Thereafter, appellant indicated that he would enter a plea to the charge and a change of plea hearing was scheduled for October 25, 2004. However, at the change of plea hearing, appellant informed the trial court that he did not wish to change his plea. As a result, the matter was continued and set for trial on January 20, 2005.
 {¶ 6} The January 20, 2005, trial date was continued to February 24, 2005, pursuant to a sua sponte Judgment Entry. In that Judgment Entry, the trial court stated that the date was continued because another case proceeded to trial. The trial was rescheduled for February 24, 2005. The February 24, 2005, trial date was continued by a sua sponte Judgment Entry. In that Judgment Entry the trial court stated that the date was continued due to "unavailability of the Judge."[1] The matter was set for an April 7, 2005, trial. However, that trial date was continued pursuant to a sua sponte Judgment Entry. In that Judgment Entry, the trial court stated that the matter was continued due to another case going to trial. The matter was set for a May 12, 2005, trial. However, upon a motion by appellant's counsel, the matter was continued from May 12, 2005, to May 26, 2005.
 {¶ 7} On May 24, 2005, appellant filed a motion to dismiss, in which appellant argued that his right to a speedy trial, pursuant to R.C. 2945.041, had been violated. The trial court denied appellant's motion. Appellant subsequently filed a motion for reconsideration and a second motion to dismiss. However, the trial court overruled this motion at an oral hearing conducted immediately prior to the scheduled start of the trial on May 26, 2005. Appellant subsequently pleaded "no contest" and was sentenced to the maximum sentence of 12 months in prison.
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER OHIO REVISED CODE SECTION 2941.401 FOR THE FAILURE OF THE STATE TO BRING APPELLANT TO TRIAL WITHIN THE 180 DAYS.
 {¶ 10} "II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE AUTHORIZED WITHOUT COMPLYING WITH OHIO REVISED CODE SECTIONS 2929.14(C) AND 2929.19(B)(2)(d)."
 {¶ 11} In his first assignment of error, appellant contends that the trial court should have granted his motion to dismiss because the State failed to bring appellant to trial within 180 days of his substantial compliance with R.C. 2941.401. We disagree.
 {¶ 12} Initially, we note that a speedy trial claim involves a mixed question of law and fact. State v. Larkin, Richland App. No. 2004-CA-103, 2005-Ohio-3122, ¶ 11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent credible evidence. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.
 {¶ 13} When reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. In Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709, the Court reiterated its prior admonition "to strictly construe speedy trial statutes against the state."
 {¶ 14} The speedy trial statute in issue in this case is R.C.2941.401. Revised Code 2941.401 states the following, in relevant part:
 {¶ 15} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. . . ."
 {¶ 16} Revised Code 2941.401 is a specific statute which prevails over the general speedy trial statutes, i.e., R.C.2945.71 et seq. See, R.C. 2945.71(F). If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring him or her to trial. State v. Fowler (Sept. 4, 1987), Tuscarawas App. No. 87AP010009, 1987 WL 16874; State v.Butcher (Dec. 12, 1985), Cuyahoga App. No. 49879, affirmed on other grounds (1986), 27 Ohio St.3d 28, 500 N.E.2d 1368. Once the defendant substantially complies with R.C. 2941.401, the state must bring him or her to trial within one hundred eighty days. Id.
 {¶ 17} If the defendant shows that he was not tried within 180 days, he has established a prima facie case for dismissal.State v. Howard (1992), 79 Ohio App.3d 705, 707,605 N.E.2d 1121; State v. Geraldo (1983), 13 Ohio App.3d 27, 28,468 N.E.2d 328. At that point, the burden is upon the state to demonstrate any tolling or extension of the time limit. Howard,79 Ohio App.3d at 707.
 {¶ 18} In the case sub judice, if this court assumes arguendo that appellant's notice pursuant to R.C. 2941.401 was properly delivered to the prosecutor and appropriate court on June 22, 2004, 338 days elapsed between that date and May 26, 2005. Accordingly, appellant has made a prima facie showing that he was not tried within the required 180 days. Accordingly, the burden shifted to appellee to demonstrate any tolling or extension of the time limit.
 {¶ 19} We find that the time between the initial trial date of October 21, 2004, and January 20, 2005, is attributable to appellant due to his indication that he would enter a plea and then changed his mind. This totals 91 days. Further, we find that the time between the May 12, 2005, trial date and the May 26, 2005, trial date is attributable to appellant since appellant's counsel requested a continuance. It totals 14 days. Thus, all together, we find that 105 days are attributable to appellant.
 {¶ 20} As to each of the other continuances in this case, the trial court sua sponte filed a judgment entry continuing the matter. A sua sponte continuance must be properly journalized before the expiration of the speedy trial period and must set forth the trial court's reasons for the continuance. "The record of the trial court must . . . affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose." State v. Lee (1976),48 Ohio St.2d 208, 209, 357 N.E.2d 1095. Further, the issue of what is reasonable or necessary cannot be established by a per se rule but must be determined on a case-by-case basis. State v.Saffell (1988), 35 Ohio St.3d 90, 518 N.E.2d 934; State v.Mosley (Aug. 15, 1995), Franklin App. No. 95APA02-232. However, a continuance due the trial court's engagement in another trial is generally reasonable under R.C. 2941.401. State v. Doane
(July 9, 1992), Cuyahoga App. No. 60097; See also State v.Judd, Franklin App. No. 96APA03-330, 1996 WL 532180. However, a continuance because the court is engaged in trial may be rendered unreasonable by the number of days for which the continuance is granted. See State v. McRae (1978), 55 Ohio St.2d 149,378 N.E.2d 476.
 {¶ 21} In this case, the trial was continued from January 20, 2005, to February 24, 2005, because another criminal case proceeded to trial. In so doing, the matter was continued for 35 days. The scheduled trial date of April 17, 2005, was continued to May 12, 2005, because another criminal case "continued to trial." In that instance, the matter was continued for 35 days.
 {¶ 22} This court finds that both of these sua sponte continuances were for good cause and were necessary and reasonable, given that the trial court entered upon the record that it was engaged in other trials and the number of days for which the trial was continued was not unreasonable. Thus, 70 days were the result of reasonable and necessary continuances. When this number of days is combined with the number of days attributable to appellant and then subtracted from the 328 elapsed days, the total number of days is 163. (105 + 70 = 175; 338 — 175 = 163)
 {¶ 23} Accordingly, appellant's right to a speedy trial pursuant to R.C. 2941.401 was not violated. Further, this court need not decide if the sua sponte continuance from the February 24, 2005, trial date to April 7, 2005, was reasonable and necessary. Even if it were not reasonable or necessary, it would not change the results of this court's analysis.
 {¶ 24} For the foregoing reasons, appellant's first assignment of error is overruled.
 II {¶ 25} In the second assignment of error, appellant contends that the trial court failed to make a finding under R.C.2929.14(C) before imposing a maximum sentence and that the trial court failed to state its reasons for imposing a maximum sentence, as required by R.C. 2929.19(B)(2)(d). We find that this matter must be remanded pursuant to State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___ and State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, ___ N.E.2d ___.
 {¶ 26} In Foster, supra, the Ohio Supreme Court held that the requirement that a sentencing court make certain judicial findings and state its reasons before imposing maximum prison terms violated the U.S. Constitution. As such, R.C. 2929.14(C), which required those findings, and R.C. 2929.19(B)(2), which required that reasons be stated, were severed and excised in their entirety. Id. at ¶ 97.[2] Last, the court mandated that its holdings must be applied to all cases on direct review and that those cases must be remanded for new sentencing hearings conducted in accordance with the dictates of Foster andMathis. Foster at ¶ 104 and 106; Mathis, at ¶ 36.
 {¶ 27} The Ohio Supreme Court provided guidance for resentencing. At the resentencing hearing, "[a]lthough . . . the trial court is no longer compelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12 which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself."Mathis, at P. 37.
 {¶ 28} Accordingly, appellant's second assignment of error is sustained, on an alternative basis.
 {¶ 29} The judgment of the Richland County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded for resentencing in accordance with State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___ and this opinion.
Edwards, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed, in part, and reversed, in part, and remanded for resentencing in accordance with our Opinion. Costs assessed to appellant.
[1] At a hearing held on May 26, 2005, the trial court stated that on February 24, 2005, the trial court judge could not preside over the trial because he was out of town for an educational program.
[2] In addition, the requirements previously imposed by Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, which held that such findings and reasons supporting those findings, no longer "survive." Id at ¶ 26.