DECISION.
{¶ 1} Defendant-appellant Christopher Mailey challenges the trial court's denial of his motion to dismiss. Mailey maintains that the state violated R.C. 2945.71, Ohio's speedy-trial statute, and that he is entitled to have this appeal sustained and his conviction set aside.
 {¶ 2} Mailey's argues that the trial court erred in denying his motion to dismiss by (1) dating a previously undated journal entry nunc pro tunc, and (2) retroactively extending the speedy-trial time under R.C. 2945.72(H). Mailey is incorrect.
 {¶ 3} The trial court nunc pro tunc entered a date for the previously undated arraignment, but that was a ministerial act that had no bearing on Mailey's speedy-trial time since he had requested a continuance to find counsel. And while Mailey is correct that "when sua sponte granting a continuance under R.C.2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71,"[1] the trial court in this case did not retroactively extend Mailey's speedy-trial time. The court memorialized in its journal that it had sua sponte continued the case due to a jury trial that was in progress. Because this was not retroactively added to the trial court's journal, State v.Mincy[2] was not implicated.
 {¶ 4} Furthermore, when adding up the days that counted against the state, we conclude that Mailey's speedy-trial time was 91 days — one day over the statutorily prescribed limit. Of this time, 21 days were due to the trial court's continuance for an in-progress jury trial. This extension of time was reasonable under R.C. 2945.72(H). Thus, Mailey's speedy-trial rights were not impinged.
 I. Let's Count the Days {¶ 5} Mailey was arrested on November 11, 2004, and charged with driving under the influence,[3] running a stop sign,[4] and refusing to submit to a chemical test.[5]
 {¶ 6} The most serious of these offenses was driving under the influence in violation of R.C. 4511.19(A)(1), a first-degree misdemeanor. Under the speedy-trial statute, a person charged with varying degrees of misdemeanors arising out of the same act or transaction must be brought to trial on all the charges within the time period required for the highest degree of misdemeanor charged.[6] In this case, the highest degree charged was a first-degree misdemeanor, which entitled Mailey to be brought to trial within 90 days after his arrest.[7] The issue is whether the state complied with this requirement.
 {¶ 7} Mailey was arrested on November 11, 2004. Because the day of arrest does not count against the state, the speedy-trial clock began to run here on November 12.[8] Although the trial court's journal entry did not include the November 12 date as the date of arraignment, the trial court corrected that omission nunc pro tunc on May 25, 2005, without objection. The journal entry does indicate that, at the arraignment, the case was continued at Mailey's request until December 15, so that he could obtain counsel. Because the motions made by a defendant extend the speedy-trial time under R.C. 2945.71, Mailey's requested extension from November 12 to December 15 counted only as one day against the state.[9]
 {¶ 8} On December 15, the case was continued to December 22 for a pre-trial conference. Therefore, from December 15 to December 22, seven more days counted against the state, for a total of eight days. But on December 22, Mailey filed a motion to suppress and the matter was continued until January 24, 2005. Mailey filed a continuance for this motion until March 3. Thus, the speedy-trial time from December 22 until March 3 was tolled due to Mailey's own motion.
 {¶ 9} On March 3, Mailey's suppression motion was denied and trial was set for March 14. The state then requested a continuance until April 20. The speedy-trial time from March 4 through April 20 was 47 days, all counting against the state. At that point, the speedy-trial time totaled 55 days.
 {¶ 10} Due to an in-progress jury trial, the court sua sponte continued the case until May 11. The trial court memorialized this continuance in its journal, with an entry on April 20. Adding these 21 days brought the speedy-trial clock to 76 days.
 {¶ 11} On May 11, the state requested a continuance until May 25 because the arresting police office was in training. Thus, the fifteen days from May 11 to May 25 was charged to the state, bringing the total to 91 days.
 {¶ 12} On May 25, Mailey moved to dismiss the charges due to a violation of his speedy-trial rights. The trial court denied the motion to dismiss, and Mailey pleaded no contest to driving under the influence in exchange for the dismissal of the remaining charges. He was sentenced to six days' confinement — three days in the Hamilton County Justice Center and three days in the Drivers Intervention Program — and community control.
 II. Speedy-Trial Rights {¶ 13} Mailey's only assignment of error challenges the trial court's denial of his motion to dismiss. Mailey maintains that the state violated R.C. 2945.71, Ohio's speedy-trial statute, by letting 91 days pass before bringing him to trial.
 {¶ 14} The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Ohio Constitution. Consistent with these constitutional provisions, the Ohio General Assembly enacted the speedy-trial provisions of R.C. 2945.71 through 2945.73.[10] These speedy-trial provisions represent a rational effort to enforce a defendant's speedy-trial constitutional right and must be strictly enforced by the courts.[11]
 {¶ 15} As we have previously stated, R.C. 2945.71(B)(2) prescribes that a defendant charged with a first-degree misdemeanor must be brought to trial within 90 days of arrest. The date of arrest does not count against the state.[12]
 {¶ 16} When the statutory speedy-trial period for bringing the accused to trial has expired, as it did here, "the state bears the burden of showing that the time was properly extended under R.C. 2945.72 or that the accused waived his statutory right to a speedy trial."[13] And extensions of time under R.C.2945.72 are to be strictly construed against the state.[14]
The result of a failure to bring an accused to trial within the statutory requirements is that the trial court must discharge the defendant.[15]
 {¶ 17} In Mincy, the Ohio Supreme Court stated that when a court sua sponte grants a continuance under R.C. 2945.72(H), "the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial."[16] R.C. 2945.72(H) provides that the time in which the accused must be tried may be extended by "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 18} And as we have stated in State v. Stamps, it is permissible for a trial court to either grant the state or sua sponte order a continuance of a trial date beyond the statutory speedy-trial time limit if the continuance is reasonable and necessary under the circumstances.[17] If the continuance is not reasonable, the continuance must be charged against the state for speedy-trial purposes.[18] "To evidence reasonableness, [a continuance] must be supported by an explanation. Thus, for these two situations, a trial court must journalize the continuance before the expiration of the time limit set forth in R.C. 2945.71 and must state the reason for the continuance."[19]
 {¶ 19} Mailey contends that the trial court should have granted his motion to dismiss because his statutory speedy-trial rights had been violated. Mailey also alleges that the trial court did not extend the speedy-trial time until after Mailey's statutory limit had expired. Mailey is incorrect.
 {¶ 20} While Mailey did have 91 days of speedy-trial time pass, 21 days of those were caused by the trial court's sua sponte granting a continuance because the court had a jury trial in progress. The trial court properly memorialized this continuance in its journal on April 20, when Mailey's jury trial was to begin. We believe that this was a reasonable extension of time under R.C. 2925.72(H).
 {¶ 21} Separately, Mailey further argues that the court erred by dating nunc pro tunc a previously undated entry. On May 25, the court did nunc pro tunc date the first journal entry, the arraignment date of November 12. Everyone agreed that Mailey was arraigned on that date. While the journal noted that the "case [was] continued at [the] defendant's request until December 15" so that he could find counsel, the court had failed to enter the arraignment date. Thus, this was not a violation of Mincy
because the court was not entering its sua sponte grant of a continuance and supporting reasons. The court was merely correcting a clerical omission.
 {¶ 22} Accordingly, we overrule Mailey's assignment of error and affirm his conviction.
Judgment affirmed.
Gorman, P.J., and Sundermann, J., concur.
[1] See State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571, syllabus.
[2] Id.
[3] R.C. 4511.19(A)(1).
[4] R.C. 4511.43(A).
[5] R.C. 4511.192(D)(1).
[6] R.C. 2945.71(D).
[7] R.C. 2945.71(B)(2).
[8] See State v. Stamps (1998), 127 Ohio App.3d 219, 223,712 N.E.2d 762, citing State v. Veid (Sept. 25, 1996), 1st Dist. No. C-950495; Crim.R. 45.
[9] R.C. 2945.72(H).
[10] See State v. O'Brien (1987), 34 Ohio St.3d 7, 8,516 N.E.2d 218.
[11] See State v. Pachay (1980), 64 Ohio St.2d 218,416 N.E.2d 589, syllabus.
[12] Stamps, 127 Ohio App.3d at 223, 712 N.E.2d 762, citingState v. Veid (Sept. 25, 1996), 1st Dist. No. C-950495; Crim.R. 45.
[13] Id., citing State v. Sheffield (Oct. 11, 1995), 1st Dist. No. C-950223; State v. Butcher (1986), 27 Ohio St.3d 28,30-31, 500 N.E.2d 1368, 1370.
[14] Id., citing State v. Singer (1977), 50 Ohio St.2d 103,362 N.E.2d 1216; Cleveland v. Jones (1996),110 Ohio App.3d 791, 675 N.E.2d 498.
[15] R.C. 2945.73(B).
[16] Mincy, 2 Ohio St.3d 6, 441 N.E.2d 571, syllabus.
[17] Stamps, 127 Ohio App.3d at 224, 712 N.E.2d 762; see, also, State v. Saffell (1988), 35 Ohio St.3d 90, 91,518 N.E.2d 934; Aurora v. Patrick (1980), 61 Ohio St.2d 107, 109,399 N.E.2d 1220.
[18] Id.
[19] Id.