OPINION
{¶ 1} Defendant-appellant, George D. Miller, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to jury verdict, of theft. Because the trial court committed reversible error in allowing inadmissible testimony into evidence, we reverse.
 {¶ 2} On May 28, 2004, defendant was a customer at Justin's Jurnee, a men's clothing store located in the Short North area of Columbus. Vicki Neal, owner and operator of the store, recognized defendant because she had seen him visit the barbershop located next to the store. Defendant told Neal that he needed new clothes for a job interview and that his girlfriend was going to purchase the clothes for him; defendant asked Neal to hold the clothes.
 {¶ 3} Later that day, defendant called the store and told Neal his girlfriend could not come to the store but would authorize the purchase over the phone. Neal spoke to a woman who both identified herself as Danielle Cantrell and authorized the clothes purchase for defendant. Taking back the phone, defendant gave Neal the credit card information. Defendant returned to the store that day and retrieved the clothes. Defendant repeated the same pattern on June 10, 2004 and June 12, 2004. After the third time, Neal told defendant that Cantrell needed to come to the store and verify the purchases.
 {¶ 4} In August 2004, Neal noticed that their credit card company removed money from the store's account; the amounts removed matched the charges defendant made. Neal filed a police report and gave the police the name defendant used for several of the purchases, George Harriston. Neal later noticed defendant going into the barbershop next to the store and called the police, identifying defendant to the police as the man who made the purchases over the phone and in person without a credit card. Police later determined defendant's real name to be George Miller.
 {¶ 5} On November 18, 2004, defendant was indicted for one count of theft and one count of receiving stolen property. The trial court dismissed the charge of receiving stolen property pursuant to defendant's Crim.R. 29 motion; the jury convicted defendant of theft in an amount greater than $500 but less than $5,000. Defendant was sentenced to three years community control with drug treatment and was required to pay restitution in the amount of $1,220.57.
 {¶ 6} On appeal, defendant assigns the following errors:
 ASSIGNMENT OF ERROR NUMBER ONE
THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION TO DISMISS FOR STATUTORY AND CONSTITUTIONAL SPEEDY TRIAL VIOLATIONS.
 ASSIGNMENT OF ERROR NUMBER TWO
THE TRIAL COURT ERRED WHEN IT REFUSED TO INSTRUCT THE JURORS THAT THEY HAD TO FIND THAT THE OFFENDER HAD COMMITTED THE OFFENSES IN THE SAME CAPACITY OR RELATIONSHIP WITH ANOTHER BEFORE THEY COULD AGGREGATE THE VALUE OF THE SEPARATE OFFENSES.
 ASSIGNMENT OF ERROR NUMBER THREE
THE TRIAL COURT ERRED WHEN IT ERRONEOUSLY REFLECTED IN THE JUDGMENT ENTRY THAT THE CHARGE OF RECEIVING STOLEN PROPERTY HAD BEEN DISMISSED PRIOR TO TRIAL WHEN THE RECORD ESTABLISHED THAT THE DEFENDANT HAD BEEN ACQUITTED OF THIS CHARGE PURSUANT TO A CRIM.R. 29 MOTION AT THE CLOSE OF THE STATE'S CASE.
 ASSIGNMENT OF ERROR NUMBER FOUR
THE TRIAL COURT IMPROPERLY ALLOWED THE STATE, OVER OBJECTION, TO HAVE A DETECTIVE TESTIFY THAT THE DEFENDANT REFUSED TO MEET WITH AND TALK TO THE DETECTIVE AFTER HE WAS ARRESTED AND RELEASED ON BAIL IN VIOLATION OF THE CONSTITUTIONAL RIGHTS OF THE DEFENDANT.
 ASSIGNMENT OF ERROR NUMBER FIVE
IT WAS PLAIN ERROR TO ALLOW THE DETECTIVE TO TESTIFY THAT HE BELIEVED THAT THE DEFENDANT WAS THE SUSPECT WHO COMMITTED THESE CRIMES.
 ASSIGNMENT OF ERROR NUMBER SIX
THE TRIAL COURT ERRED WHEN IT DID NOT ALLOW THE SIDEBAR OR BENCH CONFERENCES TO BE RECORDED IN DEFIANCE OF THE LAW THAT REQUIRES ALL OF THE PROCEEDINGS TO BE RECORDED IN SERIOUS OFFENSE CASES.
 ASSIGNMENT OF ERROR NUMBER SEVEN
THE TRIAL COURT ERRED WHEN IT ALLOWED, OVER OBJECTION, HEARSAY EVIDENCE TO BE ADMITTED REGARDING CHARGEBACKS FROM THE CREDIT CARD COMPANY.
I. Defendant's First Assignment of Error
 {¶ 7} In the first assignment of error, defendant contends the trial court improperly overruled his motion to dismiss based on a violation of his right to a speedy trial. The Sixth andFourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state; Article I of the Ohio Constitution independently guarantees this right. State v. Bayless, Franklin App. No. 02AP-215, 2002-Ohio-5791. Under R.C. 2945.71(C)(2), a person against whom a felony charge is pending shall be brought to trial within 270 days of his or her arrest. For purposes of computing time under the statute, each day a defendant is held in jail in lieu of bond counts as three days, R.C. 2945.71(E), but the day of arrest is not included. State v. Jones (1997), 119 Ohio App.3d 59.
 {¶ 8} Here, defendant was arrested on October 22, 2004. Before posting bond, defendant spent three days in jail. The parties agree that on November 1, 2004, the case was dismissed in municipal court and the time for speedy trial ceased running; that on December 8, 2004, defendant was arraigned in the Franklin County Court of Common Pleas, and the time for speedy trial again began to run. On October 17, 2005, after the trial court overruled defendant's motion to suppress and his speedy trial motion to dismiss, trial commenced. If, as defendant contends, we include the time the case was pending in municipal court, exclude the date defendant was arrested, and apply the triple count provision for the subsequent three days defendant spent in jail, defendant was brought to trial 329 days after his arrest, or 59 days beyond the time set forth in R.C. 2945.71.
 {¶ 9} Upon demonstrating that more than 270 days elapsed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation. Bayless, supra. The state bears the burden to prove that time was sufficiently tolled and the speedy trial period extended. Id. "Hence, the proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72." Id. at ¶ 17, citing State v. DePue (1994), 96 Ohio App.3d 513,516. To demonstrate compliance with the statute in this case, the state must show the statutory time for trial was tolled for 59 days.
 {¶ 10} Speedy trial time is tolled by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion * * * or action made or instituted by the accused." R.C.2945.72(E). Specifically, the Supreme Court of Ohio held that a request for discovery and a bill of particulars is a tolling event pursuant to R.C. 2945.72(E) as long as the state's response time is reasonable under the circumstances. Statev. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040. Accordingly, defendant's request for discovery and a bill of particulars on December 10, 2004 is a tolling event under R.C. 2945.72(E), provided the state's response time is reasonable.
 {¶ 11} Loc.R. 75.03 of the Franklin County Court of Common Pleas provides that "[u]pon demand for discovery, it shall be the duty of a party to promptly respond to the request. In any event, discovery should be provided in 21 days from the date of receipt of the demand, except in capital cases." In this case, the state responded on December 21, 2004, 11 days after defendant filed the request. While the local rule cannot subvert the purpose of the speedy trial statutes, the local rule, applied to the facts of this case, sets a reasonable time period. Because the state's response was reasonable, speedy trial time was tolled for 11 days based on defendant's request for discovery. State v. Risner,
Seneca App. No. 13-03-40, 2004-Ohio-186 (determining appellant's right to a speedy trial was tolled by 16 days due to appellant's discovery request, as the state's response time was reasonable);City of Cleveland v. Sheldon, Cuyahoga App. No. 82319,2003-Ohio-6331 (concluding 22 days were properly tolled as a result of the accused's request for discovery and bill of particulars); State v. O'Keefe, Fairfield App. No. 05-CA-53,2006-Ohio-435 (holding that defendant's motion for discovery on January 21, 2005 tolled the time for speedy trial until the state's response on February 14, 2005).
 {¶ 12} Pursuant to R.C. 2945.72(H), the time within which an accused must be brought to trial may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Here, the first request to continue the trial date was filed on motion of the "parties" and resulted in delaying the trial for 20 days. Although defendant deleted the language on the entry stating that he was waiving time for speedy trial purposes, the continuance nonetheless tolled the statutory speedy trial time, as the continuance specifically states a valid reason for continuing the trial date: the assistant prosecuting attorney was in trial. Further, the case was continued for only 20 days, a reasonable period of time. Because the continuance was reasonable, the time for the state to bring defendant to trial was extended by 20 days. R.C. 2945.72(H). Defendant's request for discovery, coupled with the reasonable continuance granted upon motion of the "parties," tolled the speedy trial time limits for 31 days.
 {¶ 13} A trial court may also sua sponte continue a defendant's trial date beyond the statutory time limit. State v.Lee (1976), 48 Ohio St.2d 208; Aurora v. Patrick (1980),61 Ohio St.2d 107. In the event the trial court does so, it must enter the order of continuance and state the reasons for it, prior to the expiration of the time limit. State v. King
(1994), 70 Ohio St.3d 158, quoting State v. Mincy (1982),2 Ohio St.3d 6. The record of the trial court must in some manner affirmatively demonstrate that the continuance was reasonable in light of its necessity or purpose. Id. "Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes." State v. Baker, Fayette App. No. CA2005-05-017, 2006-Ohio-2516, at ¶ 29.
 {¶ 14} The issue of what is reasonable or necessary must be decided on a case-by-case basis. State v. Munns, Richland App. No. 2005-CA-0065, 2006-Ohio-1852, citing State v. Saffell
(1988), 35 Ohio St.3d 90. Generally, a continuance due to the trial court's engagement in another trial is reasonable provided that the number of days for which it is continued does not render the continuance unreasonable. Munns, supra.
 {¶ 15} Here, the trial court sua sponte continued defendant's trial date from August 1, 2005 through August 17, 2005, a total of 16 days. The trial court journalized the entry prior to the expiration of the 270-day period and stated its involvement in a death penalty trial as the reason for the continuance. Under the stated circumstances, the 16-day continuance was reasonable.State v. Mailey, Hamilton App. No. C-050590, 2006-Ohio-3347
(holding that trial court's sua sponte continuance of defendant's trial for 21 days was reasonable and necessary where the court had a jury trial in progress); State v. Driver, Mahoning App. No. 03MA210, 2006-Ohio-494 (concluding a trial court's sua sponte continuance for 15 days was reasonable where the court was in another trial); Munns, supra (holding that two sua sponte continuances, each 35 days in length for a total of 70 days, was reasonable where the court was engaged in another criminal case that proceeded to trial). Defendant's speedy trial time limits were properly tolled for an additional 16 days, or a total of 47 days.
 {¶ 16} On its own initiative, the trial court again continued defendant's trial from August 17, 2005 to August 31, 2005, or 14 days, declaring again that the court was in trial. Notably, the continuance ran from the end of the previous continuance that stated the court was involved in a capital trial. Because a capital case reasonably could involve more than two weeks, the continuance was reasonable. Mincy; Munn; Mailey; Driver,
supra. Accordingly, defendant's speedy trial time was properly tolled for an additional 14 days, bringing the total time tolled to 61 days. Because the speedy trial time limits applicable to defendant were properly tolled for more than the 59 days by which defendant's trial exceeded the parameters set forth in R.C.2945.71, defendant's right to a speedy trial was not violated. Accordingly, defendant's first assignment of error is overruled.
II. Defendant's Third Assignment of Error
 {¶ 17} Defendant's third assignment of error contends the judgment entry erroneously reflects that the state dismissed the charge of receiving stolen property when, in actuality, the trial court granted defendant's Crim.R. 29 motion at the close of the state's evidence.
 {¶ 18} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Defendant made a Crim.R. 29 motion after the state's case-in-chief. The state orally acknowledged it had not presented any evidence to support the charge of receiving stolen property. The court then stated, "Okay. Rule 29 motion sustained as to receiving stolen property." (Tr. 276.)
 {¶ 19} The judgment entry, however, states that the prosecution dismissed the charge prior to trial. The distinction is significant because jeopardy attaches to an acquittal pursuant to Crim.R. 29 but does not attach if a charge is dismissed prior to trial. The state appropriately agrees that the trial court's judgment entry must reflect that the count of receiving stolen property was dismissed pursuant to Crim.R. 29. Defendant's third assignment of error is sustained.
III. Defendant's Fourth Assignment of Error
 {¶ 20} In the fourth assignment of error, defendant maintains the trial court improperly allowed a detective to testify that the defendant refused to meet with and talk to the detective after he was arrested and released on bail. The state properly concedes reversible error and agrees the case must be remanded for retrial.
 {¶ 21} Pursuant to Doyle v. Ohio (1976), 426 U.S. 610, a state prosecutor may not seek to impeach a defendant's exculpatory statement, told for the first time at trial, by cross-examining the defendant about his failure to discuss the case after receiving Miranda warnings at the time of his arrest. "Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these Miranda rights. Thus, every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested." Id. at 618. In Wainwright v. Greenfield (1986), 474 U.S. 284, the United States Supreme Court applied Doyle and held that post-Miranda
silence was inadmissible as substantive evidence of guilt, as use of such evidence violates a defendant's right to due process; the Ohio Supreme Court held similarly in State v. Leach,102 Ohio St.3d 135, 2004-Ohio-2147, at ¶ 18.
 {¶ 22} Here, during its case-in-chief, the state questioned a police detective regarding the fact that, after defendant was arrested and released on bond, the detective sent order-in cards to defendant asking him to come in and talk to the detective. The detective testified defendant did not respond. Defendant objected pursuant to Doyle, supra. The trial court overruled the objection, stating that the state was simply trying to show what actions the detective took to contact the defendant. After that exchange, however, the state brought up the order-in cards a second time. The state specifically asked the detective, "And, I'm sorry, what was the result of those order-ins?" (Tr. 218.) The detective replied, "Had no response from this defendant." Id. Defendant objected.
 {¶ 23} Because the state properly concedes reversible error under Doyle and agrees that a retrial is necessary, defendant's fourth assignment of error is sustained, rendering moot defendant's second, fifth, sixth, and seventh assignments of error.
 {¶ 24} Having overruled defendant's first assignment of error, but having sustained defendant's third and fourth assignments of error, rendering moot defendant's second, fifth, sixth, and seventh assignments of error, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this matter for a new trial.
Judgment affirmed in part and reversed in part; caseremanded.
Travis and Whiteside, JJ., concur.
Whiteside, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution. {PRIVATE}