[Cite as *State v. Loel*, 2014-Ohio-3045.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,              :

                                       No. 13AP-874
v.                                               :            (C.P.C. No. 12CR-08-4146)

Matthew T. Loel,                                 :            (REGULAR CALENDAR)

      Defendant-Appellant.             :

---

D E C I S I O N

Rendered on July 10, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

*Yeura Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Matthew T. Loel, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court did not err by denying appellant's motion to dismiss for a violation of his right to a speedy trial, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On June 3, 2011, police officers stopped appellant for a traffic violation and, during the stop, discovered an outstanding warrant for his arrest. The officers arrested him and brought him to jail. While being processed at the jail, officers found two pills in appellant's possession. Appellant admitted that the pills were Vicodin. As a result, on

June 4, 2011, the officers filed a complaint in the Franklin County Municipal Court charging appellant with one count of illegal conveyance of drugs into a detention center in violation of R.C. 2921.36. The complaint was dismissed on June 17, 2011.

{¶ 3} More than one year later, on August 16, 2012, a Franklin County Grand Jury indicted appellant with one count of illegal conveyance of drugs into a detention center in violation of R.C. 2921.36. Appellant was arrested on August 26, 2012, arraigned on August 29, 2012, and released from jail two days later on August 31, 2012.

{¶ 4} On February 15, 2013, appellant filed a motion to dismiss the charge against him, arguing that the state had violated his statutory and constitutional rights to a speedy trial. The trial court denied appellant's motion, in large part due to its decision not to count the days that elapsed between the dismissal of the municipal court complaint and the filing of the indictment in the trial court. Absent those days, appellant could not establish a speedy trial violation. Subsequently, appellant entered a no contest plea to the indictment and the trial court sentenced him accordingly.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following error:

> The trial court erred in failing to grant Appellant's motion to dismiss because the state failed to timely bring Appellant to trial, in violation of R.C. 2945.71, the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article I of the Ohio Constitution.

### A. Statutory Right to a Speedy Trial

{¶ 6} An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. Ohio's speedy trial statutes, found in R.C. 2945.71 et seq., were implemented to enforce those constitutional guarantees. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55 (1996); *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10. The speedy trial statutory provisions are mandatory and require strict compliance by prosecutors, as well as strict enforcement by the courts. *State v. Bayless*, 10th Dist. No. 02AP-215, 2002-Ohio-5791, ¶ 16. If the trial court and prosecution fail to bring a defendant to trial within the time

required, the trial court shall discharge the defendant. *Dublin v. Streb*, 10th Dist. No. 07AP-995, 2008-Ohio-3766, ¶ 23.

{¶ 7} The proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72. *State v. Jackson*, 10th Dist. No. 02AP-468, 2003-Ohio-1653, ¶ 32, citing *State v. DePue*, 96 Ohio App.3d 513, 516 (4th Dist.1994). Appellant faced a felony charge in this case. Pursuant to R.C. 2945.71(C)(2), the state must bring a defendant arrested on felony charges to trial within 270 days of his arrest. If the defendant is held in jail in lieu of bail on the pending charge, each day counts as three days. R.C. 2945.71(E).

{¶ 8} Upon demonstrating that more than 270 days elapsed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation. *State v. Miller*, 10th Dist. No. 06AP-36, 2006-Ohio-4988, ¶ 9. Once a defendant establishes a prima facie case for dismissal, the state bears the burden to prove that time was sufficiently tolled and the speedy trial period extended. *Id.*

## B. Counting Days Between Charges

{¶ 9} Appellant argues that his right to a speedy trial was violated because 480 days elapsed since his arrest on this charge until he filed his motion to dismiss based on a speedy trial violation. Appellant's count, however, includes approximately 435 days during which no charges were pending against him: the time between the dismissal of the municipal court complaint and the filing of the indictment in the trial court. Because appellant cannot establish a violation of his speedy trial rights without those days, he argues that these days should be included in the speedy trial count. We disagree.

{¶ 10} This court, relying on the Supreme Court of Ohio's decision in *State v. Broughton*, 62 Ohio St.3d 253 (1991), has repeatedly declined to count days between a dismissal of charges and a subsequent indictment premised on the same facts unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I). *State v. Crosby*, 10th Dist. No. 12AP-348, 2012-Ohio-6202; *State v. Brown*, 10th Dist. No. 12AP-292, 2012-Ohio-5903; *State v. Diallo*, 10th Dist. No. 12AP-388, 2013-Ohio-1248, ¶ 17; *Bayless* at ¶ 20. This conclusion is based on the principle that days should not be counted when there are no criminal charges pending. *Diallo* at ¶ 14.

{¶ 11} Nevertheless, appellant argues that these days should count because his indictment is based on the same facts as the initial complaint and the state knew of those facts at the time it filed the initial complaint in the municipal court. To support this argument, appellant relies on other Supreme Court cases that he contends affect the validity of the rule of law established in *Broughton*. *See State v. Adams*, 43 Ohio St.3d 67, 68 (1989); *State v. Baker*, 78 Ohio St.3d 108 (1997). We disagree. *Adams* and *Baker* do not address the issue presented here. Nor are the *Adams* and *Baker* decisions inconsistent with *Broughton*. Moreover, subsequent to the *Adams* and *Baker* decisions, the Supreme Court has reaffirmed its decision in *Broughton*. *See State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, ¶ 17.

{¶ 12} In the case at bar, as it was in *Broughton*, the issue is whether a court can count the days between the dismissal of the original charges and a subsequent indictment for speedy trial purposes. As previously noted, we have consistently held that these days cannot be counted because there are no criminal charges pending. *Crosby* at ¶ 14. The *Adams* and *Baker* line of cases do not address this issue. In those cases, the question was whether to accord the state a new speedy trial "clock" upon the filing of a second indictment or whether the state is subject to the timetable of the initial indictment for speedy trial purposes. Whether or not the speedy trial clock resets when the original charges are dismissed, and then there is a subsequent indictment based on the same facts, was the issue in *Adams* and Baker—not whether you count days when no charges are pending. Therefore, *Adams* and *Baker* are simply inapplicable to the issue presented here.

{¶ 13} Pursuant to *Broughton,* the days between the dismissal of the complaint in the municipal court and the filing of the indictment based on the same facts are not counted in this speedy trial analysis. Without those days, appellant cannot establish a statutory violation of his right to a speedy trial.

### C. Constitutional Right to a Speedy Trial

{¶ 14} Having found that appellant's statutory right to a speedy trial was not violated, we must next address whether his constitutional right to a speedy trial was violated. In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court set forth four factors to consider when evaluating whether an appellant's right to a speedy

trial was violated: (1) whether the delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay. These factors are balanced in a totality of the circumstances setting with no one factor controlling. *Id.* The Supreme Court of Ohio has also adopted this test to determine if an individual's constitutional speedy trial rights have been violated. *State v. Selvage*, 80 Ohio St.3d 465, 467 (1997).

{¶ 15} The first of these factors, the length of the delay, "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker* at 530; *Doggett v. United States*, 505 U.S. 647, 651 (1992). Therefore, the *Barker* analysis is only triggered once a "presumptively prejudicial" delay is shown. *Id.* at 651-52; *State v. Yuen*, 10th Dist. No. 03AP-513, 2004-Ohio-1276, ¶ 10. Generally, delay is presumptively prejudicial as it approaches one year. *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 12.

{¶ 16} Here, the period of time between the dismissal of the complaint in the municipal court and his subsequent indictment cannot be considered part of the delay for constitutional speedy trial purposes. " 'Once charges are dismissed, the speedy trial guarantee is no longer applicable. At that point, the formerly accused is, at most, in the same position as any other subject of a criminal investigation.' " *Brown* at ¶ 18, quoting *United States v. MacDonald*, 456 U.S. 1, 8-9 (1982). Absent those days, the delay in appellant's case was much less than one year. Because appellant cannot demonstrate even a presumptively prejudicial delay, his constitutional speedy trial claim must fail.

## III. Conclusion

{¶ 17} The trial court did not err by denying appellant's motion to dismiss because appellant cannot demonstrate that his statutory or constitutional rights to a speedy trial were violated. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

CONNOR and LUPER SCHUSTER, JJ., concur.

————————