[Cite as *State v. Squillace*, 2016-Ohio-1038.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 15AP-958 |
| | | (M.C. No. 2015 TRC 123717) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Michael L. Squillace, II, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 15, 2016

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, *Lara N. Baker*, *Melanie R. Tobias*, and *Orly Ahroni,* for appellee. **Argued:** *Orly Ahroni*

**On brief:** *Michael J. King*, for appellant. **Argued:** *Michael J. King*

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Michael L. Squillace, II, appeals from a judgment entry of the Franklin County Municipal Court finding him guilty, pursuant to no contest plea, of operating a vehicle under the influence ("OVI"), OVI per se, a marked lanes violation, and speeding. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On April 4, 2015, Squillace received a citation and summons for one count of operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1)(a); one count of OVI per se, in violation of R.C. 4511.19(A)(1)(d); a marked lanes violation, in violation of R.C. 4511.33; and a moving violation for driving over the speed limit, in

violation of R.C. 4511.21.  The citation ordered Squillace to appear in court on April 10, 2015.

{¶ 3}  At his initial court appearance, Squillace filed and served on plaintiff-appellee, State of Ohio, a demand for discovery pursuant to Crim.R. 16, specifically requesting the police cruiser video of Squillace's interaction with the arresting officer. Squillace requested a jury trial and did not waive his speedy trial rights.

{¶ 4}  Squillace appeared at a pre-trial conference on May 4, 2015.  In an entry dated May 4, 2015, the trial court continued the matter until June 8, 2015.  The entry stated the continuance was at the request of Squillace's attorney.  At the continued pretrial conference on June 8, 2015, the trial court reassigned the matter for a motion hearing on July 27, 2015.  The parties appeared at the July 27, 2015 motion hearing, but the trial court continued the matter until August 31, 2015.

{¶ 5}  On August 27, 2015, Squillace filed a motion to dismiss the case due to an alleged violation of his statutory and constitutional speedy trial rights.  In his motion, Squillace argued the state failed to comply with his request for the police cruiser video at the May 4, June 8, and July 27, 2015 hearings.  Squillace stated his counsel went to the prosecutor's office on July 27, 2015 to ask for a copy of the video.  Squillace asserts his counsel left a blank DVD and counsel's address at the prosecutor's office and that a duty prosecutor informed Squillace's counsel that the prosecutor's office would send a copy of the video to defense counsel by mail.  According to his motion, Squillace stated the state still had not produced the requested video as of August 25, 2015.  Squillace argued the only delay attributable to him was the time between the discovery request on April 10, 2015 and the initial pretrial conference on May 4, 2015.  Further, Squillace argued the subsequent delays went beyond the state's reasonable time for production of discovery and, thus, argued those delays are attributable to the state and are not tolled for purposes of speedy trial calculations.

{¶ 6}  At the August 31, 2015 hearing, the state provided Squillace with a copy of the police cruiser video.  The trial court then continued the matter until October 13, 2015 for a hearing on Squillace's motion to dismiss.  On September 3, 2015, the state filed a memorandum contra to Squillace's motion to dismiss arguing the delay between May 4 and June 8, 2015 is not chargeable to the state because the trial court's entry reflects the

trial court granted the continuance at Squillace's request.  Without that delay, the state argued Squillace's 90-day speedy trial time frame had not yet run.

{¶ 7}  The trial court heard arguments on Squillace's motion to dismiss on October 13 and 14, 2015.  At the conclusion of the hearing, the trial court orally denied Squillace's motion, agreeing with the state that the delay from May 4, 2015 to June 8, 2015 was at Squillace's request and thus not chargeable to the state.  The trial court specifically noted the state's records are clear that the video was available at any point after April 20, 2015 but that Squillace operated under the mistaken assumption that the state needed to copy the DVD for him and deliver it to him.

{¶ 8}  The next day, on October 15, 2015, Squillace entered a plea of no contest to, and was found guilty of, all four charges.  Squillace timely appeals.

## II.  Assignment of Error

{¶ 9}  Squillace assigns the following error for our review:

> The trial court erred in failing to grant Defendant's motion to dismiss, where Defendant's statutory speedy trial rights were violated and the State failed to prove that the speedy trial statutes sufficiently extended the time within which it could bring Defendant to trial.

## III.  Analysis

{¶ 10} In his sole assignment of error, Squillace argues the trial court erred in denying his motion to dismiss based on alleged violations of his right to a speedy trial. Squillace asserts the state violated both his statutory and constitutional rights to a speedy trial.  We address each of these arguments in turn.

{¶ 11} Generally, an appellate court's review of a trial court's decision regarding a motion to dismiss based upon a violation of the  speedy trial provisions involves a mixed question of law and fact.  *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8.  We must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case.  *Id.*, citing *Fultz* at ¶ 8.

{¶ 12} "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have

been committed." Sixth Amendment to the U.S. Constitution. The Ohio Constitution separately guarantees the right to a speedy trial in Article I, Section 10. The Sixth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). "Ohio's speedy trial statutes were implemented 'to comply with constitutional standards by designating specific timetables for which an accused must be brought to trial.' " *Columbus v. LaMarca*, 10th Dist. No. 15AP-440, 2015-Ohio-4467, ¶ 15, quoting *State v. Vasquez*, 10th Dist. No. 13AP-366, 2014-Ohio-224, ¶ 19. If the person charged with an offense is not brought to trial within the time required by R.C. 2945.71, the court must discharge the accused upon his or her motion made at or prior to the commencement of trial. R.C. 2945.73(B). However, even if the time elapsed complies with statutory timetables, "constitutional guarantees may be broader than statutory provisions in some circumstances." *State v. Sellers*, 10th Dist. No. 08AP-810, 2009-Ohio-2231, ¶ 12, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987).

### A. Statutory Speedy Trial

{¶ 13} Squillace first argues the state violated his statutory right to a speedy trial. Squillace faced four charges, the most serious of them OVI which, under R.C. 4511.19(G)(1)(a), is a first-degree misdemeanor. Pursuant to R.C. 2945.71(B) and (B)(2), "a person against whom a charge of misdemeanor * * * is pending" must be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree." *See also* R.C. 2945.71(D) (stating "[a] person against whom one or more charges of different degrees * * * are pending shall be brought to trial on all of the charges within the time period required for the highest degree of offense charged"). The time within which the state must bring an accused to trial can be extended for the reasons enumerated in R.C. 2945.72, including "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). For purposes of computing time under the statute, the date of arrest is not included. *State v. Scott*, 10th Dist. No. 09AP-611, 2009-Ohio-6785, ¶ 11, citing *State v. Miller*, 10th Dist. No. 06AP-36, 2006-Ohio-4988, ¶ 7.

{¶ 14} In calculating the elapsed time under R.C. 2945.71, there is no dispute that Squillace received a citation and summons on April 4, 2015 and entered his no contest plea on October 15, 2015. Thus, simply counting the days, 194 days elapsed between Squillace's arrest and no contest plea. On demonstrating more than 90 days elapsed before entering his plea, Squillace establishes a prima facie case for dismissal based on a speedy trial violation. *LaMarca* at ¶ 18, citing *Vasquez* at ¶ 21. Once a defendant establishes a prima facie case for dismissal, the burden shifts to the state to prove the time was sufficiently tolled to extend the speedy trial period. *Id.*, citing *Vasquez* at ¶ 21. In considering a trial court's denial of a motion to dismiss based on a speedy trial violation, an appellate court independently calculates whether the time to bring a defendant to trial expired. *Id.*, citing *State v. Pritchard*, 10th Dist. No. 12AP-695, 2013-Ohio-1255, ¶ 10-13.

{¶ 15} The record demonstrates tolling events occurred prior to Squillace filing his motion to dismiss. "A defendant's motion for discovery tolls the statutory speedy trial period pursuant to R.C. 2945.72(E)." *State v. Truitt*, 10th Dist. No. 10AP-473, 2010-Ohio-5972, ¶ 11, citing *State v. Gonzalez*, 10th Dist. No. 08AP-716, 2009-Ohio-3236, ¶ 22. Squillace made a discovery demand on April 10, 2015. As Squillace concedes, a discovery demand tolls the speedy trial time "for the time it would reasonably take the state to respond to the request." *Id.* at ¶ 12. Between the April 10, 2015 discovery demand and the next hearing on May 4, 2015, 24 days elapsed. This court has previously determined 24 days to be a reasonable time for the state's response to discovery for an OVI charge. *Id.* Squillace concedes that the 24 days from April 10 to May 4, 2015 tolled the speedy trial time. Thus, from the time of Squillace's arrest until May 4, 2015, 6 days are chargeable against the state.

{¶ 16} Following the May 4, 2015 hearing, the matter was continued three more times: (1) from May 4 to June 8, 2015, for a total of 35 days; (2) from June 8 to July 27, 2015, for a total of 49 days; and (3) from July 27 to August 27, 2105, for a total of 31 days. The state does not dispute it requested the continuance on June 8, 2015 and the continuance on July 27, 2015. On August 27, 2015, Squillace filed his motion to dismiss. A defendant's motion to dismiss tolls the speedy trial time pursuant to R.C. 2945.72(E). *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 25. Thus, as the state concedes, 80 days are chargeable to the state for the time from June 8 to August 27, 2015.

{¶ 17} The only disputed time frame on appeal is the 35-day period from May 4 to June 8, 2015. Squillace argues that 35-day period is chargeable to the state because the state had not yet complied with his discovery request and had exceeded a reasonable time in which to do so. The state responds the 35-day period tolled the speedy trial time because Squillace, and not the prosecution, requested the continuance on May 4, 2015.

{¶ 18} After reviewing the record, we agree with the state that the May 4, 2015 entry reflects that the continuance was at the request of Squillace's attorney. Though Squillace argues the entry is inaccurate and insists he never requested a continuance, the record does not contain a transcript of the May 4, 2015 proceeding. In the absence of a transcript, we must presume the regularity of the proceedings. *Dublin v. Streb*, 10th Dist. No. 07AP-995, 2008-Ohio-3766, ¶ 36, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Moreover, this court has previously rejected an argument that an entry is incorrect and should not operate to toll the time for speedy trial calculations where the defendant did not provide a transcript of the proceedings to show otherwise. *Id.* at ¶ 37; *State v. Robinson*, 10th Dist. No. 01AP-1005 (Apr. 30, 2002). Therefore, pursuant to R.C. 2945.72(H), we conclude Squillace's request for a continuance tolled the time between May 4 and June 8, 2015, and those 35 days are chargeable to Squillace.

{¶ 19} To the extent Squillace argues the state's failure to provide him with a copy of the police cruiser video of Squillace's arrest at an earlier date violates Crim.R. 16 and thus the time from May 4 to June 8, 2015 should not be tolled, we note the trial court found that the DVD of the arrest was made part of the prosecution's case file on April 20, 2015 and was available to defense counsel at each subsequent court date. As the trial court noted, Squillace could have asked to watch the DVD at any time after that, or he could have obtained a copy from the prosecutor's office at an earlier time by taking a blank DVD to the prosecutor and then picking up the copy when it was finished. Though Squillace argues he thought the prosecutor would mail a copy of the DVD to him, the prosecutor's office stated at the hearing that the copied DVD was available for Squillace to pick up by August 7, 2015. The trial court made the factual determination that there was a "miscommunication" between the parties, but ultimately concluded the prosecutor's office did not willfully delay in complying with the discovery request. (Oct. 14, 2015 Tr., 6.)

Competent, credible evidence supports these factual findings, and, thus, we must give deference to those findings. *LaMarca* at ¶ 14.

{¶ 20} Additionally, this court has previously rejected an argument that speedy trial time should not toll due to an alleged failure of the prosecution to comply with discovery where the defendant could have independently obtained the requested information. *See Streb* at ¶ 34-35 (noting the defendant "had the opportunity to inspect the items at the Dublin Police Department, but did not avail himself of the opportunity"). Thus, we reject Squillace's argument that the state's alleged failure to produce discovery at an earlier date precluded his speedy trial time from tolling.

{¶ 21} As indicated above, 6 days are chargeable to the state from the date of Squillace's arrest to the date of his first pretrial conference. The period from April 10 to June 8, 2015 is chargeable to Squillace for his discovery demand and requested continuance. An additional 80 days is chargeable to the state from June 8 to August 27, 2015. Thus, at the time Squillace filed his motion to dismiss based on a speedy trial violation, only 86 speedy trial days had elapsed. Because the speedy trial time frame had not yet reached 90 days, the trial court did not err in denying Squillace's motion to dismiss based on a statutory speedy trial violation.

### B. Constitutional Speedy Trial

{¶ 22} Squillace also claims he was deprived of his constitutional right to a speedy trial. In analyzing a claim that the state violated a defendant's constitutional speedy trial rights, courts utilize a two-pronged inquiry. "First, the defendant must make a threshold showing of a 'presumptively prejudicial' delay to trigger application of the *Barker* analysis." *Sellers* at ¶ 14, citing *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). If a presumptively prejudicial delay exists, then the second inquiry requires the court to consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the speedy trial right, and (4) the resulting prejudice to the defendant. *Doggett* at 651.

{¶ 23} From the date of arrest, this case was pending for 194 days until Squillace entered his no contest plea. Squillace agrees that the 24-day period from April 10 to May 4, 2015 are chargeable to him, and he further agrees that the 49-day period from August 27 to October 14, 2015 are chargeable to him. Additionally, as we noted above, the

35-day period from May 4 to June 8, 2015 is also chargeable to Squillace as the trial court's entry reflects defense counsel requested the continuance. Thus, at least 108 days were tolled for discovery and Squillace's own motions, leaving a maximum of 86 days of delay. This court and other Ohio appellate districts have found delays longer than 86 days not to be presumptively prejudicial. *Vasquez* at ¶ 44 (delay of 98 days not presumptively prejudicial); *State v. Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶ 53 (noting delays approaching one year become presumptively prejudicial, and concluding five-month delay not presumptively prejudicial); *State v. Billups*, 10th Dist. No. 91AP-68 (Aug. 15, 2001) (delay of 148 days not presumptively prejudicial). Considering the foregoing, we do not find the delay of 86 days in this case to be presumptively prejudicial. Because Squillace has not made the threshold showing that there was a presumptively prejudicial delay, we need not weigh the remaining *Barker* factors. *LaMarca* at ¶ 26, citing *Vasquez* at ¶ 45. Therefore, we conclude there was no violation of Squillace's constitutional speedy trial rights.

{¶ 24} Because we find no violation of Squillace's statutory or constitutional speedy trial rights, we overrule Squillace's sole assignment of error.

## IV. Disposition

{¶ 25} Based on the foregoing reasons, the trial court did not err in denying Squillace's motion to dismiss based on an alleged speedy trial violation. Having overruled Squillace's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

KLATT and SADLER, JJ., concur.