[Cite as *State v. Watson*, 2013-Ohio-5603.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-148 |
| v. | : | (C.P.C. No. 11CR-07-3966) |
| Dennis R. Watson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on December 19, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Siewert & Gjostein Co., LPA*, and *Thomas A. Gjostein*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Dennis R. Watson ("defendant"), appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to a plea of no contest, of obstructing official business in violation of R.C. 2921.32. Defendant appeals, assigning a single error for review:

> APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNTIED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND AS GUARANTEED BY STATUTE PURSUANT TO OHIO REVISED CODE §2945.71 ET SEQ.

{¶ 2} Because plaintiff-appellee, the State of Ohio ("the State"), did not violate defendant's statutory or constitutional right to a speedy trial, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On July 27, 2011, the State indicted defendant on one count of felonious assault, a felony of the first degree, one count of obstructing justice, a felony of the third degree, one count of failure to comply with an order or signal of a police officer, a felony of the third degree, and one count of failure to comply with an order or signal of a police officer, a felony of the fourth degree. The events giving rise to the indictment occurred on May 6, 2011.

{¶ 4} The facts, as related by the prosecutor during the plea hearing, demonstrated that on that date officers with the United States Marshals Fugitive Task Force received information that Dennis Watson, Jr., defendant's son, had outstanding warrants for his arrest. The warrants related to pending murder charges against Dennis Watson, Jr. in Akron, Ohio. The officers received information that Dennis Watson, Jr. could potentially be at an address on Greenwich Street in Columbus, Ohio. The officers set up surveillance around the Greenwich Street residence. Defendant eventually drove his car to the Greenwich Street residence, exited the car, entered the residence, and quickly exited the residence with an African-American male.

{¶ 5} Defendant and the other male got into defendant's vehicle; defendant was driving. Officer Frank Defrancisco, of the Columbus Division of Fire and Arson Task Force, approached the vehicle and tried to get defendant to stop. Defendant did not stop, but rather "accelerated at Defrancisco." (Jan. 22, 2013 Tr. 15.) Other officers tried to pin defendant in, but defendant "didn't stop his vehicle." (Jan. 22, 2013 Tr. 16.) Defendant drove through the parking lot at "a high rate of speed over a short period of time but eventually was pinned in and was apprehended by the officers." (Jan. 22, 2013 Tr. 16.) Defendant was arrested that evening, but was subsequently released. After the indictment was filed on July 27, 2011, a warrant issued for defendant's arrest and defendant was arrested for the charges specified in the indictment on July 29, 2011.

{¶ 6} On August 3, 2011, defendant entered a plea of not guilty to the crimes charged. The trial court accepted the plea, and set defendant's bond at $150,000 surety and $20,000 recognizance. Defendant also completed an affidavit of indigency, and the

trial court appointed the public defender's office to represent defendant.  The parties filed several joint motions requesting the trial court to continue the trial date, and the court granted the parties' requests.  On November 3, 2011, defendant moved the court to grant a recognizance bond or to reduce the bond to a reasonable amount.  The court granted the motion on November 22, 2011, and reduced defendant's bond to $50,000 appearance, $50,000 cash or surety, and $10,000 recognizance.

{¶ 7}  On January 17 2012, the parties appeared before the court.  Defendant informed the court that he would like to fire his appointed counsel, as he felt their relationship had broken down to the point that he did not want his appointed counsel to represent him.  Defendant asked the court to appoint a new attorney to represent him. The court explained that it had appointed the public defender's office to represent defendant, that the public defender's office selected which attorney from its office would represent defendant, and that the court could not select another attorney from within the public defender's office to represent defendant.  The court informed defendant that he did have the right to represent himself, and told defendant that he could choose to either represent himself or continue with his appointed counsel.  The court stated it would continue the matter, to allow defendant to consider his options.

{¶ 8}  On February 1, 2012, defendant posted bond and was released from jail on his own recognizance.  On February 28, 2012, defendant filed a notice of substitution of counsel, indicating that Attorney Gary H. Dicker would now represent him.  Defendant filed a motion to dismiss the case due to a violation of his speedy trial rights on April 19, 2012, and filed an amended motion to dismiss on June 15, 2012.  In the amended motion to dismiss, defendant asserted that his former appointed counsel had approved several continuances of the trial date over defendant's objection.  Defendant alleged that his counsel could not forfeit his speedy trial rights against his wishes.

{¶ 9}  The matter came before the court for trial on January 22, 2013.  The court initially addressed defendant's motion to dismiss.  The court noted that the parties had filed several requests to continue the case, and further noted that defendant's counsel could request continuances, and waive time for speedy trial purposes, even if the defendant did not sign or otherwise consent to the continuances.  Accordingly, the court denied the motion to dismiss.  The parties then informed the court that they had

reached an agreement in the case, and defendant entered a plea of no contest to Count 2 of the indictment, obstructing official business. The State asked the court to enter a nolle prosequi as to Counts 1, 3, and 4 of the indictment.

{¶ 10} On January 25, 2013, the court filed its judgment entry accepting defendant's plea of no contest and finding defendant guilty of Count 2 of the indictment, obstructing official business. The court ordered that a nolle prosequi be entered for Counts 1, 3, and 4 of the indictment. The court sentenced defendant to a two-year period of community control.

## II. SPEEDY TRIAL RIGHTS NOT VIOLATED

{¶ 11} Defendant asserts that the State violated both his constitutional and statutory rights to a speedy trial. The trial court denied defendant's motion to dismiss upon finding that defendant's counsel had requested several continuances of the trial date.

{¶ 12} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8, citing *State v. Brown*, 131 Ohio App.3d 387, 391 (4th Dist.1998); *State v. Kuhn*, 4th Dist. No. 97 CA 2307 (June 10, 1998). An appellate court must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but independently review whether the trial court properly applied the law to the facts of the case. *Id.* When reviewing legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the State. *Id.*, citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57 (1996).

{¶ 13} "An accused is guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Ohio Constitution, Article I, Section 10." *State v. Carmon*, 10th Dist. No. 11AP-818, 2012-Ohio-1615, ¶ 13. R.C. 2945.71 et seq., Ohio's speedy trial statutes, were implemented to enforce those constitutional guarantees. *Id.*, citing *Brecksville* at 55; *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶ 10.

### A. Statutory Speedy Trial Rights

{¶ 14} Pursuant to R.C. 2945.71(C)(2), the State must bring a defendant arrested on felony charges to trial within 270 days of his arrest. If the defendant is held in jail in

lieu of bail on the pending charge, each day counts as three days.  R.C. 2945.71(E); *Carmon* at ¶ 14.  If an accused is not brought to trial within the speedy trial time limits, upon motion, the court must discharge the defendant.  R.C. 2945.73(B); *Id.*  A defendant establishes a prima facie case for dismissal based on a speedy trial violation when the defendant demonstrates that more than 270 days elapsed before trial.  *Id.* at ¶ 15 (stating that the "proper standard of review in speedy trial cases is to simply count the number of days passed, while determining to which party the time is chargeable, as directed in R.C. 2945.71 and 2945.72").  "However, the time period in which to bring a defendant to trial may be extended for any of the reasons enumerated in R.C. 2945.72." *Id.* at ¶ 14.

{¶ 15} The trial court issued the warrant and indictment in this case on July 27, 2011.  Defendant was arrested on July 29, 2011.  Defendant remained in jail until he posted bond on February 1, 2012.  The statutory time for speedy trial purposes begins to run on the day after the date of the arrest.  *State v. Olverson*, 10th Dist. No. 02AP-554, 2003-Ohio-1274, ¶ 35, citing *State v. Stamps*, 127 Ohio App.3d 219, 223 (1st Dist.1998). Accordingly, 187 days elapsed from July 30, 2011 to February 1, 2012.  As defendant was incarcerated during this period, each day must count as three.  Defendant was not brought to trial until January 22, 2013.  Three hundred fifty six days elapsed from February 2, 2012 to January 22, 2013.  Accordingly, for speedy trial purposes, 917 days elapsed from defendant's arrest until he was brought to trial.[1]  Because defendant established that more than 270 days elapsed before trial, he has established a prima facie case for dismissal based on a speedy trial violation.  *Carmon* at ¶ 15, citing *State v. Miller*, 10th Dist. No. 06AP-36, 2006-Ohio-4988, ¶ 9.  "Once a defendant establishes a prima facie case for dismissal, the state bears the burden to prove that time was sufficiently tolled and the speedy trial period extended."  *Id.*, citing *Miller*; *State v. Butcher*, 27 Ohio St.3d 28, 31 (1986).

{¶ 16} There are two important concepts which direct how a court must charge the days when calculating potential speedy trial violations: tolling and waiver.  *State v. Gonzalez*, 10th Dist. No. 08AP-716, 2009-Ohio-3236, ¶ 11.  "[A] defendant may waive

---

[1] 187 x 3 = 516; 516 + 356 = 917.

his right to a speedy trial, and those days in which a defendant waives his right would not count toward the state's deadline. Tolling, on the other hand, occurs by operation of R.C. 2945.72 when certain circumstances occur." *Id.* at ¶ 12. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 8 (noting that the "running of the speedy-trial clock may be temporarily stopped, that is, tolled, only for reasons listed in R.C. 2945.72"). Because the tolling of time occurs by operation of the statute, the defendant does not have to agree to the tolling of time. *Gonzalez* at ¶ 12.

{¶ 17} R.C. 2945.72(E) provides that the speedy trial time may be tolled by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." Defendant filed a demand for discovery on August 10, 2011, and the State responded with discovery on August 31, 2011. "A demand for discovery * * * is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, syllabus. *See also State v. McQueen*, 10th Dist. No. 09AP-195, 2009-Ohio-6272, ¶ 32 (noting that the delay between discovery request and the State's reply was a tolling period under R.C. 2945.72(E)). Accordingly, defendant's discovery demand tolled the speedy trial time from August 10 to August 31, 2011.

{¶ 18} Defendant also filed his initial motion to dismiss on April 19, 2012. The filing of a motion to dismiss tolls time for speedy trial purposes, pursuant to R.C. 2945.72(E), until the court rules on the motion. *See State v. King*, 3d Dist. No. 9-06-18, 2007-Ohio-335, ¶ 39 (noting that "King's filing of the motion to dismiss [based on a violation of his right to a speedy trial] tolled speedy trial time until the March 16, 2006, hearing and ruling on the motion to dismiss"); *State v. Juarez-Hernandez*, 10th Dist. No. 12AP-95, 2012-Ohio-4835, ¶ 14; *State v. Szorady*, 9th Dist. No. 02CA008159, 2003-Ohio-2716, ¶ 14. Accordingly, defendant's April 19, 2012 motion to dismiss tolled the speedy trial time until the court ruled on the motion on January 22, 2013.

{¶ 19} R.C. 2945.72(H) provides that speedy trial time may be tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." A continuance granted upon the joint motion of the parties tolls time pursuant to R.C. 2945.72(H) because the motion is made, in part, by the defendant. *See State v. Dillon*,

10th Dist. No. 05AP-679, 2006-Ohio-3312, ¶ 35; *State v. Brown*, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, ¶ 44; *State v. Canty*, 7th Dist. No. 08-MA-156, 2009-Ohio-6161, ¶ 83 (noting that "[j]oint motions for continuance toll a defendant's speedy trial time because they can be attributed to both parties"). Pursuant to R.C. 2945.72(H), the only continuances which must be reasonable in order to toll the statutory time limits are those requested by the state or sua sponte by the trial court. *State v. Kist,* 173 Ohio App.3d 158, 2007-Ohio-4773, ¶ 35 (11th Dist.).

{¶ 20} The trial court granted a total of 11 continuances from September 15, 2011 to January 22, 2013. Each continuance entry contained a waiver of defendant's speedy trial rights for the period of the continuance. The parties jointly requested nine of the 11 continuances. Defendant alone requested a continuance on March 15, 2012. The State requested a continuance on September 24, 2012 because the prosecutor was unavailable due to illness; the court granted the State's request. *See State v. Camp*, 5th Dist. No. 93-CA-11 (Aug. 18, 1993) (finding the prosecutor's illness was a justifiable reason for the state's requested continuance). Accordingly, the numerous continuances requested by the parties sufficiently tolled the speedy trial time.

{¶ 21} Based on the foregoing, it is apparent that defendant was brought to trial within the 270-day time limitation. The only time chargeable against the State was the period from defendant's arrest until defendant's demand for discovery, July 30 to August 10, 2011, and the period following the State's response to the discovery request until the first continuance request, August 31 to September 15, 2011. This amounts to a total of 28 days. Because defendant was held in jail in lieu of bond during this period, we find that 84 speedy trial days are chargeable against the State. Accordingly, the State carried its burden to establish that the time was sufficiently tolled and the speedy trial time extended.

{¶ 22} Defendant either did not sign, or wrote the word "refused" instead of his signature on several of the continuances granted upon the joint motion of the State and his appointed counsel. Despite defendant's refusal to sign these continuances, "[i]t is well-established that a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections." *State v. Glass*, 10th Dist. No. 10AP-558, 2011-Ohio-6287, ¶ 17, citing

*McQueen* at ¶ 37.  *See State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus (holding that "[a] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent"). Defendant acknowledges this proposition of law, but contends that his attempt to fire his appointed counsel on January 17, 2012 "removes him from the requirement of being bound by trial counsel decisions in the preparation of the case."  (Appellant's Brief, 8.) We disagree.

{¶ 23} In *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, the defendant discharged his appointed counsel shortly before trial and proceeded pro se.  The defendant in *Taylor* asserted that *McBreen* was distinguishable from his case, because he "objected to the waiver [of his speedy trial right's] filed by counsel and demanded that counsel be discharged."  *Taylor* at ¶ 33.  The Supreme Court rejected the defendant's argument and noted that "[u]nder the *McBreen* syllabus, counsel could validly waive defendant's right to a speedy trial without his consent."  *Id.* at ¶ 36. Accordingly, based on the holdings in *Taylor* and *McBreen*, we find unpersuasive defendant's contention that the continuances executed by his appointed counsel were ineffective simply because defendant later sought to discharge his appointed counsel. *See also State v. Palo*, 11th Dist. No. 2002-A-0095, 2005-Ohio-6906.

{¶ 24} Defendant further asserts that this case did not require over six months of trial preparation, as defendant's son and the police officers who were present at the scene were the only potential witnesses in the case.  Defendant also asserts that the continuances requested jointly by his appointed counsel and the State "lack [a] coherent pattern."  (Appellant's Brief, 9.)  The continuances requested jointly by defendant's appointed counsel and the State were requested for the following reasons, in chronological order: additional time to investigate, to complete further investigation, additional time to consider resolution, plea consideration, and trial preparation.  We do not find an incoherent pattern in these requests, as the requests demonstrate that the parties were investigating the case, considering a plea agreement, and then preparing for trial.  Moreover, because these continuances were not requested solely by the State or sua sponte by the court, there is no requirement under R.C. 2945.72(H) that these

continuances be reasonable. *See Kist* at ¶ 35; *Glass* at ¶ 16 (noting that "R.C. 2945.72(H) does not require that a continuance granted upon the accused's own motion be reasonable for the time period to be tolled").

{¶ 25} Based on the foregoing, we conclude that the State did not violate defendant's statutory speedy trial rights.

### B. Constitutional Speedy Trial Rights

{¶ 26} Defendant asserts that the State also violated his constitutional speedy trial rights. In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court set forth four factors to consider when evaluating whether an appellant's right to a speedy trial was violated: (1) whether the delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as a result of the delay. *See also State v. Selvage*, 80 Ohio St.3d 465, 467 (1997) (adopting the *Barker* four-part test). These factors are balanced in a totality of the circumstances setting with no one factor controlling. *Id.* at 530.

{¶ 27} The length of the delay "is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* Thus, the *Barker* analysis is only triggered once "presumptively prejudicial" delay is shown. *Doggett v. United States*, 505 U.S. 647, 651 (1992). In general, a delay is considered presumptively prejudicial as it approaches one year. *State v. Miller*, 10th Dist. No. 04AP-285, 2005-Ohio-518, ¶ 12. Here, defendant's trial began one year and six months after he was arrested. Accordingly, the delay was presumptively prejudicial and we will consider the remaining *Barker* factors.

{¶ 28} The second factor focuses on the reasons for the delay, and considers whether the defendant or the government is more to blame for the delay. As noted above, the parties jointly requested nine of the 11 continuances, and defendant and the State each separately requested one continuance. As such, it does not appear that either party is more to blame for the delay, as they appear equally to blame. Accordingly, we find this factor to be neutral.

{¶ 29} The third factor concerns defendant's assertion of his right to a speedy trial. Here, defendant filed a motion to dismiss the charges based on his speedy trial rights on April 19, 2012, and amended that motion on June 15, 2012. Generally, when the defendant has filed a motion to dismiss based on speedy trial violations, courts will weigh the third *Barker* factor in the defendant's favor. *See State v. Johnson*, 12th Dist. No. CA2011-09-169, 2013-Ohio-856, ¶ 40; *State v. Hilyard*, 4th Dist. No. 05CA598, 2005-Ohio-4957, ¶ 19; *State v. Turner*, 7th Dist. No. 93 CA 91, 2004-Ohio-1545, ¶ 38. Notably, however, after filing the motion to dismiss, defendant herein either individually or jointly requested four more continuances. *Compare Taylor* at ¶ 39 (regarding the third *Barker* factor the court noted that although the defendant "had verbally asserted his right to a speedy trial early in the process, he never filed a motion to dismiss his case on speedy trial grounds and in fact successfully moved for a continuance later on"). As such, while this factor weighs in defendant's favor because he asserted his right to a speedy trial, we find that this factor does not weigh heavily in his favor because defendant subsequently requested four more continuances.

{¶ 30} The fourth factor concerns prejudice. The *Barker* court noted that a court should construe the alleged prejudice in light of the interests which the speedy trial right was designed to protect: oppressive pre-trial incarceration, anxiety and concern of the accused, and the possibility that the defense will be impaired. *Id.* at 532. The prejudice factor is the most serious factor in the analyses "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* A defense may be impaired due to a delay if memories fade or witnesses die or disappear during the delay.

{¶ 31} Defendant asserts that prejudice is "clearly present" in the instant action, as he "languished in jail from July 29, 2011 until February 1, 2012." (Appellant's Brief, 11.) Defendant asserts that the incarceration was oppressive and caused him "great anxiety and concern." (Appellant's Brief, 12.) Defendant further asserts that "[a]ny exculpatory evidence that might have existed, including the availability of his son, Dennis Watson Jr., to testify could have ceased to exist by such delay." (Appellant's Brief, 12.)

{¶ 32} While the seven month pre-trial incarceration appears substantial, we cannot find the pre-trial incarceration oppressive where the length of the delay is attributable to defendant's own motions and requests for continuances.  *See State v. Holmes*, 8th Dist. No. 91948, 2009-Ohio-3736, ¶ 32 (finding an "eight-month pretrial incarceration was not prejudicial, particularly when Holmes's own motions and requests for continuances caused much of the delay"); *State v. Eicher*, 8th Dist. No. 89161, 2007-Ohio-6813, ¶ 32 (finding the defendant's four and one-half month pre-trial incarceration was not oppressive where the defendant filed motions for discovery, contested the constitutionality of the statute, sought two pre-trial continuances, and executed a written waiver of her speedy trial rights).  Additionally, although facing criminal charges and being incarcerated necessarily entails some level of anxiety and concern, defendant's bare allegation of anxiety and concern presents no particular reason for this factor to weigh heavily in our consideration.  *Glass* at ¶ 26; *Eicher* at ¶ 33 (finding the defendant's "blanket statement" that she suffered anxiety and concern during her pre-trial incarceration insufficient to show the type of prejudice required for a violation of constitutional speedy trial rights).

{¶ 33} Defendant's broad statement that any exculpatory evidence may have ceased to exist due to the delay is insufficient to demonstrate actual prejudice.  *See State v. Walker*, 10th Dist. No. 06AP-810, 2007-Ohio-4666, ¶ 34; *Eicher* at ¶ 34.  Defendant does not allege that a particular witness died or otherwise became unavailable because of the delay.  Although defendant seems to indicate that his son became unavailable as a result of the delay, defendant does not provide any facts to support this statement.

{¶ 34} Moreover, the record reveals that the defense took several affirmative steps to secure Dennis Watson, Jr., as a witness who would testify at defendant's trial. On February 28, 2012, defendant's attorney informed the State that defendant intended "to call Dennis Watson Jr. c/o Summit County Sheriff and all other passengers in his automobile [on the night of May 6, 2011]. These identities and addresses are known to the prosecutor."  (R. 91.)  Defendant requested and received a continuance on March 15, 2012 because the "Sheriff of Summit County did not transport witness & discovery needs to be completed."  (R. 98-99.)  On April 19, 2012, defendant filed a motion for

immunity from prosecution, asking the court to order the State to provide complete immunity to Dennis Watson, Jr., for his testimony in this case.

{¶ 35} Accordingly, the record indicates that Dennis Watson, Jr., was incarcerated in Summit County, and could have been transported to Franklin County to testify in the instant action. Defendant's general allegation that potential exculpatory evidence could have ceased to exist as a result of the delay is insufficient to demonstrate actual prejudice. Both defendant and the State's ability to prepare their case was equally weakened by possible lapses of memory and possible loss of physical evidence. *Walker* at ¶ 35. Defendant does not establish how the passage of time particularly prejudiced his ability to prepare and try his case.

{¶ 36} After balancing the *Barker* factors we conclude that, under the particular facts of this case, defendant was not deprived of his right to a speedy trial as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution.

{¶ 37} Because defendant failed to establish that the State violated either his statutory or constitutional speedy trial rights, we overrule defendant's sole assignment of error.

## III.  DISPOSITION

{¶ 38} Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and TYACK, J., concur.

_____