[Cite as *State v. Day*, 2019-Ohio-1327.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-265 |
| v. | : | (C.P.C. No. 13CR-4103) |
| Phillip B. Day, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 9, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher*.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Phillip Day ("Day"), moved the Franklin County Court of Common Pleas ("trial court") to dismiss an indictment for two counts of nonsupport of dependents under R.C. 2919.21, alleging a violation of his constitutional right to a speedy trial. The trial court overruled the motion and Day entered a plea of no contest to both charges. Day appeals, arguing that the trial court erred by rejecting his speedy trial claim. Finding no error in the trial court's decision, we affirm.

**Factual and Procedural Background**

{¶ 2}   On August 1, 2013, an indictment was filed charging Day with two fifth-degree felony counts of nonsupport of a dependent under R.C. 2919.21. The first count alleged that Day had failed to provide support for a minor child from November 1, 2007 until November 1, 2009. The second count covered the period of November 2, 2009 to November 2, 2011. The prosecutor requested that a warrant be executed upon Day at an address in Lake Wales, Florida.

{¶ 3}   On February 24, 2017, at the request of the prosecutor, the trial court ordered the warrant be withdrawn and a summons be issued to Day at an address in Mason, West Virginia.  On March 29, 2017, Day appeared at an arraignment and entered a plea of not guilty.

{¶ 4}   On June 28, 2017, Day filed a motion to dismiss the indictment, arguing that the state failed to prosecute its case in a timely manner that conformed to the speedy trial provisions of the U.S. Constitution and the Ohio Constitution. Day argued that the delay between the August 1, 2013 indictment and the eventual summons on February 24, 2017 was "unjustifiably long," and that the state had not exercised "due diligence" when it let the indictment languish without charging him.  (June 28, 2017 Mot. to Dismiss.)  Day argued that he suffered prejudice as a result and moved the trial court to dismiss the indictment.

{¶ 5}   On September 11, 2017, the trial court overruled the motion to dismiss.  The trial court stated that the delay did not infringe on Day's liberty and that he "was not incarcerated during the delay."  The trial court also found that Day had not been prejudiced due to the delay because the evidence relevant to the charges consisted of "preserved records" covering the time periods of alleged nonsupport. (Sept. 11, 2017 Decision & Entry.)

{¶ 6}   Day filed a motion for reconsideration on October 27, 2017.  He argued that the length of the delay meant that prejudice was "presumed."  Day also argued that he was not required to "affirmatively demonstrate" prejudice in order to prove that his speedy trial rights had been violated. (Oct. 27, 2017 Mot. to Recons.)

{¶ 7}   At a hearing held on March 13, 2018, the trial court made an oral ruling denying Day's motion for reconsideration.  In its ruling, the trial court stated:

> Well, the Court at this time is going to deny the motion to
> reconsider [because] the reason for the delay was not
> deliberate. There's no showing of prejudice as well. The

> defendant wasn't incarcerated, wasn't aware of a warrant, there's nothing that in any way impedes his ability to defend the case. And balancing everything together, the Court finds that there was no speedy trial rights violation in the case.

(Mar. 13, 2018 Tr. at 5.)

{¶ 8}   Day withdrew his not guilty plea and entered a plea of no contest.  The trial court imposed a sentence of 36 months of community control.

{¶ 9}   Day has appealed, and asserts the following assignments of error:

> [1.]  The trial court erred in denying Defendant-Appellant's motion to dismiss the indictment on constitutional speedy-trial grounds by failing to analyze and weigh the factors under *Barker v. Wingo*.
>
> [2.]  The trial court erred in denying Defendant-Appellant's motion to dismiss without holding a hearing as requested by counsel when there were facts alleged that were necessary for a proper analysis under *Barker v. Wingo*.

## Standard of Review

{¶ 10}   Appellate review of a trial court's denial of a motion to dismiss an indictment on speedy trial grounds involves a mixed question of law and fact. *State v. Williams*, 10th Dist. No. 13AP-992, 2014-Ohio-2737, ¶ 9, citing *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12.  A mixed question of law and fact requires that a reviewing court "give due deference to a trial court's findings of fact if supported by competent, credible evidence" while applying a de novo standard of review to questions of law.  *Id.*

## Analysis

{¶ 11} The Sixth Amendment to the U.S. Constitution guarantees "the right to a speedy and public trial" to a defendant in a criminal prosecution. Because the speedy trial right "is as fundamental as any of the rights secured by the Sixth Amendment," the U.S. Supreme Court has held that it applies in state criminal proceedings through the Due Process Clause of the Fourteenth Amendment.  *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967).  In addition, the Ohio Constitution guarantees the right to "a speedy public trial." Ohio Constitution, Article I, Section 10.  The right to a speedy trial "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay

will impair the ability of an accused to defend himself."  *United States v. Ewell*, 383 U.S. 116, 120 (1966).

{¶ 12} A defendant's claim of a violation of the right to a speedy trial must be analyzed under the test set forth in *Barker v. Wingo*, 407 U.S. 514 (1972).  *See, e.g., State v. Selvage*, 80 Ohio St.3d 465, 467-70 (1997) (applying *Barker*). The *Barker* analysis is a "balancing test" in which a court must weigh the following four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant."  *Selvage* at 467, citing *Barker* at 530.  Standing alone, none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant."  *Barker* at 533.

{¶ 13} The *Barker* court described the first factor, the length of delay, as "a triggering mechanism."  *Id.* at 530.  Without a showing of "some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."  *Id.*  As a general rule, a delay of nearly a year is considered presumptively prejudicial.  *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 90, citing *Doggett v. United States*, 505 U.S. 647, 652 (1992), fn. 1.  Here, the state initially filed the indictment on August 1, 2013, and Day was not arraigned until March 2017.  This three and one-half year delay is considerably longer than the year period considered presumptively prejudicial under *Adams* and *Doggett*. The state concedes that the delay was sufficient to trigger the *Barker* analysis.

{¶ 14} The second *Barker* factor is the reason for the delay. Deliberate delay "should be weighted heavily against the government." *Barker* at 531.  A "neutral reason," on the other hand, "such as negligence or overcrowded courts should be weighted less heavily," but will still weigh against the government.  *Id.*  In the absence of evidence demonstrating that the state deliberately caused the delay, the delay may be considered the result of negligence and weighed against the state. *State v. Pierce*, 1st Dist. No. C-160699, 2017-Ohio-5791, ¶ 12 (weighing the second *Barker* factor in the defendant's favor where "the state failed to offer any evidence to explain the delay," but no evidence suggested the delay was intentional).  Here, the state provided no evidence to explain the delay, and the trial court concluded that the delay was not deliberate.  Thus, this factor weighs in Day's favor.

{¶ 15} Under the third *Barker* factor, a court must consider the manner and timeliness of the defendant's assertion of a violation of the right to a speedy trial. *Barker* at 531. "Generally, when the defendant has filed a motion to dismiss based on speedy trial violations, courts will weigh the third *Barker* factor in the defendant's favor." *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 29. In this case, Day filed the motion to dismiss the indictment on speedy trial grounds approximately three months after the March 29, 2017 arraignment. We have previously weighed a two-month delay against a defendant. *State v. Walker*, 10th Dist. No. 06AP-810, 2007-Ohio-4666, ¶ 31. Thus, although Day asserted the right, the delay in doing so diminishes its weight.

{¶ 16} Day argues that filing a motion for reconsideration of the trial court's decision to deny his motion to dismiss also supports the third *Barker* factor. However, as the state points out, Day filed or joined the state in requesting multiple continuances after filing the motion to dismiss, which had the effect of prolonging the proceedings for an additional nine months. In *Barker,* the defendant's failure to object to a series of continuances requested by the state was weighed against him. *Barker*, 407 U.S. 514 at 534-35. Requesting continuances after asserting the right to a speedy trial diminishes the weight given to the defendant's request. *See Watson* at ¶ 29 (stating that "while this factor weighs in defendant's favor because he asserted his right to a speedy trial, we find that this factor does not weigh heavily in his favor because defendant subsequently requested four more continuances"). Considered altogether, Day's assertion of his right to a speedy trial, his delay in doing so, and the continuances that he requested or acquiesced to provide little reason for weighing the third *Barker* factor in his favor.

{¶ 17} The final *Barker* factor concerns prejudice to the defendant, which "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker* at 532. These interests include the following: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* The trial court determined that none of these interests were impaired by the delay and concluded that Day had suffered no prejudice. Day's briefing on appeal also fails to describe any resulting prejudice from the delay.

{¶ 18} Instead, Day asserts that he was not required to show prejudice to prevail on his claim of a violation of his speedy trial rights. Citing *Pierce*, 1st Dist. No. C-160699, 2017-Ohio-5791, he asserts that the presumption of prejudice due to the state's delay was sufficient to demonstrate prejudice. *Pierce* is distinguishable for two reasons. First, unlike Day, the third *Barker* factor weighed decisively in the defendant's favor. The *Pierce* defendant did not delay any more than a month when asserting his speedy trial rights. *Id.* at ¶ 14. Furthermore, unlike Day, there was no request for or acquiescence to continuances that undercut the assertion that the defendant did, in fact, desire a speedy resolution of the proceedings.

{¶ 19} Second, the *Pierce* court accepted the showing of prejudice based on the presumption that arose under the first *Barker* factor because "the state offered no evidence to rebut this presumption of prejudice." *Id.* at ¶ 17. Here, in contrast, the state rebutted the presumption of prejudice when it demonstrated to the satisfaction of the trial court that Day's defense would not be impaired by the delay. The state pointed out that the "case is largely dependent on preserved records such as [Day's] child support payment history, employment, and medical condition during the time set forth in the indictment." (July 20, 2017 Memo. Contra Def.'s Motion to Dismiss at 3.) The trial court accepted this argument, finding it sufficient to rebut the presumption of prejudice. Once rebutted, any evidentiary force the presumption held "disappears." *Ayers v. Woodard*, 166 Ohio St. 138, 145 (1957). Thus, contrary to Day's assertion, he cannot rely on the presumption of prejudice that arose under the first *Barker* factor to demonstrate that the fourth factor should be weighed in his favor.

{¶ 20} After considering all four *Barker* factors, we conclude that Day did not suffer a violation of his constitutional right to a speedy trial. Although a substantial delay occurred, Day has suffered no demonstrable prejudice as a result. There is no indication that the state's delay was the result of anything other than negligence. Day tardily asserted his right to a speedy trial. Furthermore, his subsequent actions when requesting and agreeing to continuances were not entirely consistent with that assertion. The trial court did not err when it overruled Day's motion to dismiss the indictment. Accordingly, the first assignment of error is overruled.

{¶ 21} We overrule the second assignment of error as well. We do not agree that the trial court failed to adequately analyze Day's argument under *Barker*. Day has not pointed to any evidence that he was precluded from presenting to the trial court that would warrant remand. Thus, the facts in support of his argument have been sufficiently developed and are not in dispute. This leaves only our de novo review of the trial court's analysis. As discussed, the trial court did not err by overruling Day's motion to dismiss.

**Conclusion**

{¶ 22} Based on a de novo review of the trial court's application of the *Barker* factors, we conclude that Day's Sixth Amendment right to a speedy trial was not violated by the state's delay in this matter. Accordingly, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, J., concurs.
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶ 1} Although I do not disagree with the standard of review or the statements of the law regarding the *Barker*[1] analysis for violations of the right to speedy trial, I respectfully dissent from the decision of the majority in this case because I believe the majority decision moves us beyond our role as a reviewing court.

{¶ 2} The defendant-appellant, Phillip Day, was indicted in August 2013 and, through unexplained delay, was not summoned to court until 2017. (Aug. 1, 2013 Indictment; Feb. 24, 2017 Warrant Recalled.) He appeared and pled "not guilty" on March 29, 2017. (Mar. 29, 2017 Plea Form.) Three months later, he moved to dismiss the case on speedy trial grounds for the unexplained multi-year delay in bringing his case for trial. (June 28, 2017 Mot. to Dismiss.) While that motion was pending but before the trial court issued a decision, the case was continued three times at the request of Day or the parties.[2] (June 30, 2017 Continuance; July 7, 2017 Continuance; Sept. 8, 2017 Continuance.) On September 11, 2017, without first holding a hearing to take evidence on the reason for the

---

[1] *Barker v. Wingo*, 407 U.S. 514 (1972).
[2] These continuances therefore created no delay of the case beyond what the motion itself created.

delay or whether there was prejudice to Day, and without so much as referencing the *Barker* analysis, the trial court denied the motion.  (Sept. 11, 2017 Decision & Entry.)

{¶ 3}   On October 27, 2017, Day moved to reconsider, urging the trial court to apply *Barker* and hold a hearing.  (Oct. 27, 2017 Mot. to Recons. at 1.)  While that motion was pending, Day and other parties again agreed to continue the case three times.[3]  (Nov. 2, 2017 Continuance; Jan. 11, 2018 Continuance; Feb. 1, 2018 Continuance.)  In March 2018, the trial court held a combined plea and sentencing hearing at which it orally considered the motion for reconsideration.  (Mar. 13, 2018 Plea & Sentencing Tr., filed May 24, 2018.) The trial court again did not perform the full *Barker* analysis and did not take evidence on the reasons for the delay or whether Day might be prejudiced.  (Plea & Sentencing Tr. at 2-5.)  It instead accepted the opinions of counsel (which are not traditionally considered evidence[4] and which were not formally stipulated) that the delay was mere negligence and that Day's defense to the charges would not be prejudiced because child support cases are mostly record-intensive cases.  *Id.*  Based on that reasoning, the trial court declined to revisit its decision denying Day's motion to dismiss on speedy trial grounds.  *Id.* at 5.

{¶ 4}   The trial court then accepted "no contest" pleas from Day and sentenced him to community control, ordering him to pay arrears of $23,275.60.  *Id.* at 6-18; Mar. 13, 2018 Jgmt. Entry at 1-2.

{¶ 5}   I cannot find that the trial court in any real sense considered the *Barker* factors or performed the required analysis.  "Generally, appellate courts do not address issues which the trial court declined to consider."  *Young v. Univ. of Akron*, 10th Dist. No. 06AP-1022, 2007-Ohio-4663, ¶ 22, citing *Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 89 (1992); *Lakota Local School Dist. Bd. of Edn. v. Brickner*, 108 Ohio App.3d 637 (6th Dist.1996).  As we are a reviewing court, rather than perform that analysis for the first time on appeal, I believe the sounder course is to remand the matter to the trial court so that it may determine if evidence should be taken in order for it to properly perform the necessary

---

[3] As with all the other continuances Day agreed to, these continuances occurred while a motion relating to speedy trial was pending but before a decision issued, and thus did not delay the case any more than the motion itself did.

[4] "We have long held that 'statements of counsel are not evidence.' " *RNG Props., Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, ¶ 28, fn. 1, quoting *Corporate Exchange Bldgs. IV & V, L.P. v. Franklin Cty. Bd. of Revision*, 82 Ohio St.3d 297, 299 (1998).

analysis and to thereafter perform the *Barker* analysis.  As an appellate court we are not in a position to do that. For this reason, I respectfully dissent.

———————————