[Cite as *State v. Hicks*, 2019-Ohio-4691.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-915 |
| v. | : | (C.P.C. No. 18CR-723) |
| Francis M. Hicks, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 14, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Francis M. Hicks, appeals the October 30, 2018 judgment of the Franklin County Court of Common Pleas convicting appellant of felonious assault. For the following reasons, we reverse the decision of the trial court and remand the matter for further proceedings.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On February 13, 2018, appellant was indicted on a single count of felonious assault pursuant to R.C. 2903.11, a second-degree felony. According to the indictment, appellant, on or about October 16, 2012, knowingly caused serious physical harm to the victim and/or did knowingly cause or attempt to cause physical harm to the victim by means of a deadly weapon or dangerous ordinance, to wit: a cutting instrument. A warrant

on indictment for appellant's arrest was issued the same day and was returned served on February 23, 2018.

{¶ 3} Appellant initially entered a plea of not guilty, and the case was set for trial April 19, 2018. Thereafter, the trial court ordered five continuances in 2018, including three continuances on the motion of the parties (April 19, May 25, and June 14), one continuance (July 3) on the court's own motion due to the judge being unavailable, and one continuance (August 8) on appellant's motion. Ultimately, the case was set for trial September 10, 2018.

{¶ 4} On August 14, 2018, appellant, represented by counsel, filed a motion to dismiss the case because the "prosecution violates defendant's constitutional rights to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10of the Ohio Constitution." (Aug. 14, 2018 Mot. at 1.) In the motion to dismiss, appellant argued, pursuant to *State v. Meeker*, 26 Ohio St.2d 9 (1971), the constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment; and that, under Supreme Court of the United States cases, the Sixth Amendment speedy trial guarantee applies when a defendant is " 'accused' of a crime," which is triggered by the "arrest, indictment, information, or other official accusation or charge" made against a person. (Mot. to Dismiss at 3.)

{¶ 5} Appellant argued, in this case, her speedy trial rights attached on the date an initial complaint was filed in the municipal court and a warrant was issued—October 24, 2012. Appellant noted the 2012 complaint was dismissed, and a complaint was refiled in municipal court on November 6, 2014 to comply with *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795,[1] and the 2014 municipal court case is referenced in the 2018 indictment. Appellant additionally noted records obtained from the Franklin County Department of Job and Family Services ("FCJFS") evidence that between 2012 and 2018, appellant had an address on record with the state. According to appellant, the delay of nearly 64 months between the filing of the original complaint (October 24, 2012) and the instant indictment (February 13, 2018) constituted a "presumptively prejudicial" delay triggering application of the *Barker v. Wingo*, 407 U.S. 514 (1972), factors. (Aug. 14, 2018

---

[1] *Hoffman* concerns, in pertinent part, the sufficiency of information set forth in a complaint or affidavit to support probable cause to obtain a warrant. The parties agree the 2014 complaint was not dismissed and the associated warrant remained active until late January 2018, when appellant was arrested.

Mot. at 4.)  Appellant further argued the four *Barker* factors weigh in her favor and, as a result, her constitutional right to a speedy trial was violated, and the indictment must be dismissed.

{¶ 6}  The memorandum contra of plaintiff-appellee, State of Ohio, argued the time period subject to the speedy trial analysis under the Sixth Amendment begins on February 13, 2018 (the indictment in common pleas court) and, with this date as the starting point, no "presumptively prejudicial" delay triggers further analysis under *Barker*. (Appellee's Memo. Contra at 3.)  Appellee contended the time period pointed to by appellant—the pre-indictment period between the original complaint and the formal indictment—is not subject to the speedy trial analysis under the Sixth Amendment of the U.S. Constitutionor Article I, Section 10 of the Ohio Constitution.  Rather, according to appellee, such a "pre-indictment" delay falls under the due process clause of the Fifth Amendment of the U.S. Constitution, appellant failed to make a proper showing of actual prejudice under such analysis, and, regardless, appellee used the time period between the offense and 2018 for proper "investigatory purposes" on an active warrant for that time period rather than an intentional delay to attempt to gain a tactical advantage over appellant.  (Appellee's Memo. Contra at 3, 5.)

{¶ 7}  The trial court addressed the motion to dismiss at a September 10, 2018 hearing.  There, the trial court asked appellant, "I know you have a motion to dismiss for statutory procedural due process on this matter.  Do you want to admit any evidence?"  (Tr. at 3.)  Appellant presented one exhibit consisting of FCJFS records, which was admitted by the trial court, and both parties relied on their respective motion and memorandum contra submitted to the court.  The trial court then stated: "At this time I am going to deny the dismissal for Constitutional procedural due process and statutory limitations."  (Tr. at 4.)

{¶ 8}  Following the trial court's determination to not dismiss the case, appellant entered a plea of no contest to felonious assault, a violation of R.C. 2903.11.  On October 30, 2018, the trial court entered a judgment finding appellant guilty of the charge and imposing five years of community control, including placement in the "Franklin County Community Based Correctional Facility" for a period not to exceed six months, along with other community control sanctions.  (Oct. 30, 2018 Jgmt. Entry at 2.)  Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 9}   Appellant assigns the following as trial court error:

> The trial court abused its discretion and erred as a matter of law by failing to apply any speedy trial law to the facts of the case, by failing to make any relevant factual determinations, and by failing to determine the reasons for the state's delay in commencing the prosecution against the defendant-appellant, as set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101 (1972), where the defendant-appellant had established a presumptively prejudicial delay of 63 months.

## III. STANDARD OF REVIEW

{¶ 10}   "Generally, an appellate court's review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact."  *State v. Squillace*, 10th Dist. No. 15AP-958, 2016-Ohio-1038, ¶ 11, citing *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8.  "We must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but we must independently review whether the trial court properly applied the law to the facts of the case."  *Squillace* at ¶ 11, citing *Fultz* at ¶ 8.  An appellate court may resolve legal questions on a Sixth Amendment speedy trial claim if the facts required to resolve the legal issue are undisputed.  *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, ¶ 115.

## IV. LEGAL ANALYSIS

{¶ 11}   In her assignment of error, appellant asserts that having established a presumptively prejudicial delay of 63 months, the trial court abused its discretion and erred as a matter of law by (1) failing to apply any speedy trial law to the facts of the case, (2) failing to make any relevant factual determinations, and (3) failing to determine the reasons for appellee's delay in commencing prosecution against her, as set forth in *Barker*.

{¶ 12}   As a preliminary issue, appellant argues that because the trial court stated it was denying the dismissal for "Constitutional procedural *due process* and *statutory* limitations," arguments not raised by appellant in support of dismissal, it is difficult to presume the trial court applied the correct law and may have erroneously applied a Fifth Amendment analysis to a Sixth Amendment claim.  (Emphasis added.)  (Appellant's Brief at 14.)  Therefore, appellant contends this court is essentially unable to apply our standard

of review "whether the trial court properly applied the law to the facts of the case." (Appellant's Brief at 15.)

{¶ 13} "A criminal defendant has a right to a speedy trial under the Ohio Revised Code, the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution." *Adams* at ¶ 80. Ohio courts employ a distinct analysis for speedy trial rights afforded by statute, the Sixth Amendment to the U.S. Constitution and Article I, Section 10of the Ohio Constitution, and the due process clause of the Fifth Amendment to the U.S. Constitution and Article I, Section 16of the Ohio Constitution. *See*, *e.g.*, *Adams* at ¶ 80-111; *State v. Tate*, 8th Dist. No. 103446, 2016-Ohio-5622, ¶ 17-28.

{¶ 14} Here, appellant's motion to dismiss asserted her speedy trial rights were violated under the Sixth Amendment to the U.S. Constitution, as applied to the states under the Fourteenth Amendment to the U.S. Constitution, and Article I, Section 10of the Ohio Constitution. The trial court addressed the motion to dismiss as, initially, one asserting "statutory procedural due process" and later denied the motion "for Constitutional procedural due process and statutory limitations." (Tr. at 3, 4.)

{¶ 15} We recognize, as set forth in *Adams* at ¶ 114-15, a trial court is not required to make factual findings in rejecting a Sixth Amendment speedy trial claim when the evidence is undisputed, and an appellate court may resolve legal questions on a Sixth Amendment speedy trial claim if the material facts are undisputed. However, based on the trial court's affirmative statements in this case, it appears the trial court did not assess appellant's motion under the Sixth Amendment or Article I, Section 10 of the Ohio Constitution.

{¶ 16} Resolution of a Sixth Amendment speedy trial issue, if presumptively prejudicial delay is established, requires the trial court to weigh factors under *Barker*, 407 U.S. at 515. *Adams* at ¶ 88-89, citing *State v. Selvage*, 80 Ohio St.3d 465, 467 (1997); *Barker* at 530. This analysis may include additional findings of fact, and, under our typical standard of review on appeal, we afford the trial court's findings of fact deference when reviewing whether the trial court properly applied the law to the facts of the case. *Squillace* at ¶ 11.

{¶ 17} Considering the Sixth Amendment speedy trial analysis involved, which could involve additional factfinding and weighing of factors, and the record of this case, we

find it appropriate to remand the matter to the trial court to consider appellant's motion to dismiss under the Sixth Amendment and Article I, Section 10 of the Ohio Constitution in the first instance. *See Adair v. Norton*, 9th Dist. No. 27474, 2015-Ohio-3444, ¶ 14, citing *Mourton v. Finn*, 9th Dist. No. 26100, 2012-Ohio-3341, ¶ 9; *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) (applying general proposition that an appellate court may decline to resolve legal issues in the first instance so as to retain role as a "reviewing court").

{¶ 18} Accordingly, we sustain appellant's assignment of error to the limited extent discussed herein.

## V. CONCLUSION

{¶ 19} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to the trial court for proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____